864 F.2d 148
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Frank JOHNSON, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 88-3350.
 United States Court of Appeals, Federal Circuit.
 Nov. 7, 1988.
 
 Before MARKEY, Chief Judge, and PAULINE NEWMAN, and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board, No. DC07528710534, affirming the Department of the Army's removal of Frank Johnson for falsification of Personnel Qualifications Statements (SF-171), is affirmed.
 
 OPINION
 
 2
 The asserted false statements are that Mr. Johnson had completed 28 semester hours at Johnson C. Smith University and 34 semester hours at St. Augustine's College, that he worked at the Wake Medical Center, Raleigh, North Carolina, from October 25, 1979 to July 10, 1980, and that he answered "no" to the question "have you ever been convicted, forfeited collateral or are you now under charges for any felony?"
 
 
 3
 Investigation showed 23 hours at Johnson C. Smith University and 23 hours at St. Augustine's College, that Mr. Johnson had never worked at Wake Medical Center, and that there were outstanding warrants for his arrest dated July 16 and July 18, 1980 based on armed robberies in Falls Church, Virginia and an ensuing federal warrant for unlawful flight to avoid prosecution.
 
 
 4
 The administrative judge found that the errors as to education were minor, but that the error as to Wake Medical Center was not minor, but was intended to conceal that Mr. Johnson had been in Virginia at the time of the crimes of which Mr. Johnson was accused. As to the warrants, the board found that the appellant was questioned by the police in Virginia on July 16, was not at home on July 17 when the police tried to execute the arrest warrants, and on July 22 filed an SF-171 with the Army in Germany. Referring to the circumstantial nature of the evidence of intent to falsify the information on the SF-171, the administrative judge found this charge supported by a preponderance of the evidence.
 
 
 5
 Mr. Johnson states that he did not know of the outstanding warrants. There was no evidence to the contrary. Whether or not Mr. Johnson committed the two robberies in Falls Church is not decided in this tribunal. On its face Mr. Johnson's answer to this question on his SF-171 was not false.
 
 
 6
 However, the board did not err in holding that the misstated employment at Wake Medical Center has not been credibly explained, and was not a minor error. Neither the place nor dates can be attributed to faulty memory, as might the number of credit hours of education.
 
 
 7
 On appellate review, we ascertain only whether the dismissal was supported by substantial evidence. This burden has been met with respect to the statement of employment at Wake Medical Center. The penalty is in accordance with law, for the SF-171 itself states that falsification is grounds for dismissal.